**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 15-cv-2354-WJM

DANNY SHEA,

      Plaintiff,

v.

RICK RAEMICSH, Executive Director, CDOC
THE ATTORNEY GENERAL OF STATE OF COLORADO,

      Defendants.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Danny Shea, is currently incarcerated in the Southern Ohio

Correctional Facility.  On October 23, 2015, Mr. Shea, acting *pro se*, filed an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the

"Application") challenging the validity of his Colorado conviction and sentence in Denver

County District Court case number 04CR4896.  He has paid the $5.00 filing fee.

On October 26, 2015, U.S. Magistrate Judge Gordon P. Gallagher ordered

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either

or both of those defenses in this action. (ECF No. 3).  Respondents filed their Pre-

Answer Response on November 10, 2015 (ECF No. 8) arguing that two of the claims

were procedurally barred and one of the claims was repetitive.  Respondents conceded

that the Application was timely and that the remaining claims were exhausted.  After

receiving two extensions of time, Mr. Shea filed a Reply to the Pre-Answer Response

on December 24, 2015 (ECF No. 13).

The Court must construe the Application and other papers filed by Mr. Shea

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will dismiss the Application, in part.

## I.  Background

### A. State Court Proceedings

The Colorado Court of Appeals summarized the state court proceedings as

follows:

> Shea and numerous codefendants were indicted in connection
> with alleged racketeering activities of the "211 Crew," a group of prison
> inmates.  Ultimately, a jury convicted Shea of violating the Colorado
> Organized Crime Control Act (COCCA), conspiracy to commit second
> degree assault, tampering with a witness or victim, and two counts of
> conspiracy to distribute a schedule II controlled substance.  The trial
> court then adjudicated Shea as a habitual criminal and sentenced him
> to an aggregate term of 112 years in the Department of Corrections
> (DOC).

> Shea appealed his conviction and sentence, and a division of
> this court affirmed the conviction and affirmed in part and reversed in
> part the sentence. *People v. Shea*, (Colo. App. No. 08CA1645, Aug. 4,
> 2011) (*Shea I*).  On remand, the trial court modified the sentence in
> part.

> Thereafter, Shea filed a pro se Crim. P. 35(c) motion and two
> supplements to that motion, alleging numerous claims of ineffective
> assistance of trial counsel.  He also moved for the appointment of
> counsel to assist him in his efforts to obtain postconviction relief.

In a thorough and detailed order, the postconviction court denied Shea's motions. . . .

(ECF No. 8-7 at 2-3, *People v. Shea*, (Colo. App. No. 13CA1896, Apr. 2, 2015) (not published) (*Shea II*)).  The Colorado Court of Appeals affirmed the postconviction court's order. *Id.*  The Colorado Supreme Court denied certiorari on October 13, 2015. (ECF No. 8-9).

**B.  Federal Habeas Applications**

On October 23, 2015, Applicant filed the current habeas application pursuant  to 28 U.S.C. § 2254 in this Court. (ECF No. 1)   The Application asserts the following claims for relief:

(1)   Mr. Shea received ineffective assistance of counsel in violation of his Sixth Amendment rights due to:

    (A)   Counsel admitted guilt in Opening Statement;
    (B)   Counsel abandoned a clearly viable defense of duress;
    (C)   Failure to investigate and obtain gang expert;
    (D)   Failure to object to extraordinary security measures utilized by trial court;
    (E)   Failure to submit supporting documentation to show Mr. Shea was indigent and obtain an investigator;
    (F)   Failure to object to lack of jurisdiction;
    (G)   Failure to request modified Allen instruction;
    (H)   Insufficient evidence to convict of habitual criminal allegations;
    (I)   Failure to properly challenge a violation of Colorado's Uniform Mandatory Disposition of Detainers Act;
    (J)   Counsel represented conflicting interests and disclosed the defense strategies to a witness for the prosecution;
    (K)   Failure to call available expert witnesses;
    (L)   Failure to object and preserve for appeal the use of an unqualified gang expert by the State;
    (M)   Stipulation to a criminal witnesses [sic] testimony thereby depriving Mr. Shea's jury from assessing the witnesses [sic] credibility.

(2)     Mr. Shea was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when a court appointed investigator was denied even though Mr. Shea was indigent.

(ECF No. 1).

In the Pre-Answer Response, Respondents concede that the Application is timely under the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d). (ECF No. 8 at 4).  Respondents further concede that Mr. Shea has exhausted state court remedies for claims (1)(A) – (1)(C), claims (1)(E) – (1)(K), and claim (1)(M). (*Id.* at 9).  Respondents contend, however, that claims (1)(D) and (1)(L) are procedurally defaulted. (*Id.*).  Respondents also argue that claim two is the same claim as claim (1)(E) and, therefore, it should not be considered separately. (*Id.* at 12).

## II.  Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## A.   Claims (1)(D) and (1)(L)

Respondents contend that because Applicant failed to exhaust claims (1)(D) and (1)(L) and there is no longer an available state court remedy, the claims are procedurally barred.  The Court agrees.

### 1.   Claim (1)(D)

Claim (1)(D) alleges ineffective assistance of counsel based on counsel's failure to object to extraordinary security measures utilized by the trial court.  The claim was raised in Mr. Shea's motion for postconviction relief (*see* ECF No. 8-2 at 12-13), but he failed to present it on appeal (*see* ECF No. 8-5). As such, if any state remedy existed, the claim would be unexhausted.  However, no state remedy exists because any attempt to exhaust the claim now would be denied as time barred, successive, and an abuse of process. *See* Colo. Rev. State. § 16-5-402 (2015) (imposing three-year limitation period on non-class 1 felonies); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought."); *People v. Rodriguez*, 914 P.2d 230, 254-55 (1996).  These state procedural grounds are independent and adequate. *See LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting numerous cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review).  As such, Claim 1(D) is procedurally defaulted and cannot be considered unless Mr. Shea demonstrates either cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

### 2.  Claim (1)(L)

Claim One (1)(L) is an ineffective assistance of counsel claim based on counsel's failure to object and preserve for appeal the use of an unqualified gang expert by the State.  The Colorado Court of Appeals refused to consider the merits of this claim because Mr. Shea failed to adequately reassert it on appeal. (*See* ECF No. 8-7 at 21-22).  This procedural bar is regularly followed and applied evenhandedly by Colorado courts and, therefore, it constitutes an adequate state ground. *Crosby v. Watkins*, 599 F. Supp. 2d 1257, 1267-68 (D. Colo. 2009).  Additionally, the Colorado Court of Appeals relied solely on the state procedural bar and, therefore, it is an independent basis. *See Hickman*, 160 F.3d at 1271.  Accordingly, Claim 1(L) is also procedurally defaulted and cannot be considered unless Mr. Shea demonstrates either cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

### 3.  Cause and Actual Prejudice or a Fundamental Miscarriage of Justice

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Mr. Shea argues that the procedural default of Claims 1(D) and 1(L) should be excused based on cause and prejudice.  To demonstrate cause for his procedural default, Mr. Shea must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*,

477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493- 94 (1991) (internal quotation marks omitted).  In attempt to establish cause, Mr. Shea argues that he did not have counsel to assist him with his postconviction motions and appeals. (ECF No. 13 at 2).  However, not having counsel for a postconviction motion is not an "objective factor external to the defense."  As such, Mr. Shea has not demonstrated cause.

Furthermore, even if Mr. Shea was able to demonstrate cause, he must also show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  In an attempt to establish "prejudice," Mr. Shea simply states that "these two claims are of substantial merit, *i.e.*, the prejudice component will be shown through a merits argument on said." (*Id.*)  Such conclusory allegations do not demonstrate prejudice to overcome a procedural default.

Finally, Mr. Shea makes no attempt to demonstrate that a failure to consider the merits of his claims will result in a fundamental miscarriage of justice.  A fundamental miscarriage of justice occurs when " a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.  Mr. Shea fails to demonstrate or even allege that he is actually innocent.

Accordingly, Claims (1)(D) and (1)(L) are procedurally barred and will be dismissed.

### 4. Claim (1)(E) and Claim Two

Respondents argue that Claim (1)(E), which alleges ineffective assistance of counsel based on counsel's "[f]ailure to submit supporting documentation to show Mr. Shea was indigent and obtain an investigator," is the same claim as Claim Two, which alleges "Mr. Shea was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when a court appointed investigator was denied even though Mr. Shea was indigent." As such, Respondents believe Claim Two should not be considered separately.

Mr. Shea argues that Claim Two is not the same as Claim 1(E) but was a claim addressed by the Colorado Court of Appeals on Mr. Shea's direct appeal. (ECF No. 13 at 2). The Court has reviewed the Colorado Court of Appeals decision from Mr. Shea's direct appeal (*Id.*) as well as Mr. Shea's Opening Brief for that appeal (ECF No. 8-3). The only claim regarding indigency that Mr. Shea raised on his direct appeal was: "Mr. Shea was denied his state and federal right to counsel when the prosecution successfully sought to remove court-appointed counsel on grounds that defendant did not qualify as 'indigent' under Colorado law." (*Id.* at 21). The Court of Appeals did discuss that the trial court did not appoint an investigator for Mr. Shea. The Court stated the following:

> In February 2008, Shea filed a motion seeking appointment of a private investigator at state expense on the ground that he had depleted his trust account and was now indigent. At a hearing on the motion, the trial court denied the request without prejudice and granted Shea the opportunity to submit documentation under seal to support his claim that he was indigent. The record does not reflect, and Shea does not contend, that he provided such documentation to the court.

(ECF No. 8-4 at 8-9).

However, beyond the recitation of the factual history regarding the denial of a court-appointed investigator, the Court of Appeals on direct appeal made no decision regarding the appointment of an investigator.  Instead, the holding of the Court of Appeals was based on Mr. Shea's claim that was properly presented to the Court: whether the removal of his court-appointed counsel on the basis that he was not "indigent" violated his state and federal rights.  As such, the Court agrees with the Respondents that Mr. Shea's Claim 1(E) and Claim Two are repetitive and that Claim Two should not be considered separately.  Therefore, Claim Two will be dismissed.

## III.  Conclusion

For the reasons discussed above, it is

ORDERED that claims 1(D) and 1(L) of the Application (ECF No. 1) are DISMISSED WITH PREJUDICE as procedurally barred.  It is

FURTHER ORDERED that Claim Two is DISMISSED as repetitive of claim 1(E).  It is

FURTHER ORDERED that Respondents shall file an Answer to claims (1)(A) – (1)(C), claims (1)(E) – (1)(K) and claim (1)(M) of the Application **within thirty days** of this Order.  It is

FURTHER ORDERED that Applicant may file a Reply **within thirty days** after Respondents file an Answer.

Dated this 29th day of February, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge